## SCHOONMAKER v. McNALLY.

*Negligence — what is not contributory.*

Plaintiff's horses which were standing without a driver on the tow-path of a canal, were drawn into the canal and fatally injured by the negligence of defendant. *Held,* that if plaintiff's horses were in their proper place at the time, the fact that a driver might have moved them and avoided the accident, did not, as matter of law, render plaintiff guilty of contributory negligence in not having a driver with them.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the verdict of a jury in the Ulster county court, and from an order denying a new trial.

The action was brought in a justice's court by Martin D. Schoonmaker against Francis McNally, to recover for the loss of two horses belonging to plaintiff which were fatally injured through the negligence of defendant. The defense was contributory negligence on the part of plaintiff. The facts were these. In October, 1868, plaintiff and defendant were each boating with a team on the Delaware and Hudson canal. The plaintiff's and defendant's boats which, with their respective teams, were moving in opposite directions met. Plaintiff's boat was loaded, defendant's light. By the rules of the canal company it is the duty of a loaded boat to stop and allow a light boat to pass over the tow line of the loaded one. According to the testimony on the part of plaintiff, plaintiff's team had stopped and was standing near the outer edge of the tow-path, and between them and the canal there was ample room for defendant's team to pass ; but defendant's team, instead of going between plaintiff's team and the canal, passed round on the outside, in consequence of which plaintiff's team was caught by defendant's tow line and thrown into the canal, receiving injuries whereof they died. At the time of the accident neither team had drivers. This was in violation of a rule of the canal company, which required a driver to be always in charge of a team drawing a boat on the canal.

In the justice's court plaintiff recovered judgment from which an appeal was taken to the county court. Judgment was rendered in favor of plaintiff in the county court, which, on appeal to the general term, was reversed and a new trial ordered, upon which a

judgment was rendered again in favor of plaintiff. From this judgment and the order denying a new trial, this appeal was taken.

*S. L. Stebbins*, for appellant, cited *Owen* v. *N. Y. C. R. R. Co.*, 1 Lans. 108; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y. 38, 46, 47; *Calkins* v. *Barger*, 44 Barb. 424; *Dascomb* v. *B. & S. L. R. R. Co.*, 27 id. 221; *Steves* v. *O. & S. R. R. Co.*, 18 N. Y. 422; *Mackey* v. *N. Y. Cent. R. R. Co.*, 27 Barb. 528; *Brendell* v. *B. & S. L. R. R. Co.*, id. 534, note; *Brooks* v. *B. & N. Y. R. R. Co.*, 1 Abb. (Ct. App.) 211; *Murray* v. *N. Y. C. R. R. Co.*, 4 Keyes, 274; *Wilds* v. *H. R. R. Co.*, 24 N. Y. 430, 444; S. C., 29 id. 315; *Hartfield* v. *Roper*, 21 Wend. 615; *Spencer* v. *U. & S. R. R. Co.*, 5 Barb. 337; *Haring* v. *N. Y. & E. R. R. Co.*, 13 id. 9; *Deyo* v. *N. Y. C. R. R. Co.*, 34 N. Y. 9; *Wilcox* v. *R. W. & O. R. R. Co.*, 39 id. 358; *Harty* v. *Cent. R. R. Co. of N. J.*, 42 id. 468.

*Chas. A. Fowler*, for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

LEARNED, P. J. The only question is whether on the evidence the court can say, as a matter of law, that the plaintiff was guilty of contributory negligence.

The negligence charged to him is the failure to have a driver with his team. But the want of a driver did not contribute to the accident, unless the plaintiff's team was not in the proper place and did not stop at the proper time. On these points the evidence was contradictory and therefore the case was necessarily submitted to the jury.

The defendant urges that if the plaintiff had had a driver for his team, the driver might have moved the team out of the way of the defendant's team, and thus the accident might have been prevented. But, if the plaintiff's team was actually in its proper place, that is, in the place where it ought to have been when the defendant's team was to pass it, he ought not to be charged with contributory negligence on account of the possibility that if a driver had been at hand something might have been done to prevent the accident.

The judgment and order appealed from should be affirmed, with costs.

*Judgment affirmed.*